1  Joseph S. Leventhal (221043)
   joseph.leventhal@dinsmore.com
2  Caroline G. Massey (299691)
   caroline.massey@dinsmore.com
3  DINSMORE & SHOHL LLP
   655 W. Broadway, Suite 800
4  San Diego, CA 92101
   Ph: (619) 400-0500
5  Fx: (619) 400-0501

6  Attorneys for Defendant
   IDEAL IMPLANT INCORPORATED
7  (erroneously sued as IDEAL IMPLANT INC.)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| CHELSEA RICO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IDEAL IMPLANT INC.; and DOES 1-10,<br><br>Defendant. | Case No.: '23CV0535 RSH KSC<br><br>**DEFENDANT IDEAL IMPLANT INCORPORATED'S NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL** |
|---|---|

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ideal Implant Incorporated (erroneously sued as Ideal Implant Inc.) ("Ideal") ("Defendant"), through undersigned counsel, hereby removes this case from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

1. Ideal is the sole defendant in a civil action filed in, and presently pending before, the Superior Court of California, County of San Diego, styled *Chelsea Rico v. Ideal Implant Inc*, Case No. 37-2022-00040370-CU-PL-CTL (the "State Court Action").

2. Plaintiff Chelsea Rico ("Plaintiff") alleges that Ideal manufactured, assembled, designed, manufactured component parts, and sold a breast implant that caused her injuries on or about October 7, 2020 and February 17, 2022. *See* Complaint ("Compl."), p. 4 (Attached as Exhibit A to Declaration of Caroline G. Massey ("Massey Decl.")). Plaintiff asserts claims against Defendant Ideal for strict liability in tort, negligence, and breach of implied warranty. Compl., p. 4. (Ex. A to Massey Decl.).

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

4. Plaintiff is an individual domiciled and residing in the State of California based on her Complaint and publicly available records and therefore is a citizen of the State of California for purposes of determining diversity. *See* Compl.

5. Ideal is a corporation organized and existing under the laws of the State Texas with its principal place of business in Texas.

6. The Complaint includes a number of fictitious defendants, whose citizenships are ignored for removal purposes. 28 U.S.C. § 1441(b).

7. Complete diversity exists between Plaintiff and Ideal, thus satisfying 28 U.S.C. §27 1332(a)(1).

8. It is apparent on the face of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of costs and interest. A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

9. Plaintiff's Complaint alleges that as a result of Ideal's conduct she has suffered personal injury. Compl., p. 1. (Ex. A to Massey Decl.). Plaintiff seeks compensatory damages for wage loss, hospital and medical expenses, and general damages. *See* Compl., p.3.

10. Therefore, analyzing the Complaint in a light most favorable to Plaintiff while not admitting liability for any amount, the amount of damages alleged to be in controversy for Plaintiff will reasonably exceed $75,000.00, exclusive of interests and costs. See *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291 at *2 (E.D. Cal. Mar. 17, 2006) (apparent from complaint that amount in controversy met where plaintiffs asserted strict products liability, negligence, and breach of warranty claims against multiple defendants and complaint sought compensatory damages for wage loss, hospital and medical expenses, general damage, and loss of earning capacity); *In re Rezulin Prod. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding that a "complaint obviously asserts a claim exceeding $75,000" where plaintiffs alleged serious medical complications from ingestion of prescription drug).

11. Moreover, reported verdicts and settlements in cases with damage allegations similar to this case have exceeded $75,000. See, e.g., *Brazell v. Chadwick*, Case. No. 10EV011176 (Fulton Cty., Ga. March 24, 2014) (verdict of $125,000 for plaintiff who needed reconstructive surgery after breast augmentation, sought economic damages for surgery and pain and suffering); *Attanasio v. Tehrani*, Case No. 607634/16 (Nassau Supreme, N.Y., October 29, 2019) (verdict of $850,000 for plaintiff's personal injury claim for arising from infection during second breast augmentation surgery which required additional surgery); *Ellsworth v. Elwood*, Case No. 06-L-115 (Peoria Cty., Ill. Apr. 7, 2009) (verdict of $330,000 for plaintiff who suffered breast disfigurement after a bilateral breast reduction surgery); *Swanson v. Pummill*, Case No. 07-87620 (Genesee Cty., Mich. April 3, 2009) (verdict of $364,000 for plaintiff who suffered breast disfigurement, pain, suffering, and mental anguish affecting her activities of daily living after surgery to remove breast implants); *Angela*

*L. v. Saks*, Case No. YC056541, 2008 WL 6298055 (Los Angeles Cty., Cal. 2008) (settlement of $400,000 for plaintiff who suffered breast disfigurement after breast augmentation surgery); *Call v. Keiter*, Case No. 030903501, 2009 Jury Verdicts LEXIS 237703 (Weber Cty., Utah 2008) (verdict of $108,522 for plaintiff who, following a breast implant procedure, developed an infection requiring removal and replacement of the implant resulting in deformity); *Dicicco v. Cattani*, No. 11366/03, 2007 NY Jury Verdicts Review LEXIS 746 (N.Y. 2007) (verdict of $737,000, including $400,000 for plaintiff who suffered breast disfiguring scarring and underwent multiple surgeries after an initial breast augmentation surgery); *Davis v. Rai*, Case No. 05-8226-G (Dallas Cty., Tex. 2007) (verdict of $165,000, including $100,000 for future pain and mental anguish, for plaintiff who suffered breast disfigurement and underwent multiple surgeries following an initial breast augmentation surgery); *Karachum v. Wasserstrum*, Case No. BER-L-3731-02, 2004 Jury Verdicts LEXIS 40368 (Bergen Cty., N.J. 2004) (verdict of $1,500,000 for plaintiff who suffered from permanent breast disfigurement after reduction surgery); *Raviv v. Tiller*, Case No. 00-11955 (Miami-Dade Cty., Fla. 2003) (verdict of $155,000 for plaintiff who experienced pain, breast disfigurement, and humiliation after initial breast augmentation); *Kelley v. Stromberg*, Case No. 00CC-001066 (St. Louis Cty., MO. Apr. 17, 2002) (verdict of $300,000 returned for plaintiff who suffered breast disfigurement after reconstruction); Allbritton v. Zachariah, Case No. 768844 (Santa Clara Cty., Cal. July 28, 2000) (verdict of $186,200 increased by court to $226,072 to include interest and costs in breast disfigurement and multiple surgeries case); Grimes v. Baxter Healthcare Corp., Casse No. 93-8828-E (Dallas Cty., Tex. 1995) (verdict of $400,000 for plaintiff who suffered injuries due to rupture of breast implant, including pain, mental anguish, disfigurement, impairment, and medical expenses). Although Ideal intends to vigorously defend the allegations in the complaint, courts often look to jury verdicts in comparable cases to determine the amount in controversy.

12. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which allows a defendant to remove a case within thirty days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Ideal was served with Plaintiff's Complaint on February 23, 2023.

13. Under 28 U.S.C. § 1441(a), venue for this action is proper in this Court, which is the district embracing the place where the state action is pending.

14. In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Ideal or received by Ideal's counsel in this action – the Summons and Complaint, Notice of Case Assignment and Case Management Conference, Notice of E-Filing Requirements and Imaged Documents, Summons, Complaint, Alternative Dispute Resolution Information, and Texas Franchise Tax Public Information Report are attached at Exhibits A and B to the Massey Declaration.

15. Written notice of the filing of this Notice of Removal is being served on Plaintiff's counsel this date.

16. Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of California, County of San Diego.

17. Defendant denies the allegations contained in Plaintiff's Complaint. Defendant files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

18. Further, in making the assertions in this Notice of Removal, Defendant does not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought.

19. Defendant further reserves the right to amend or supplement this Notice of Removal as appropriate.

///

///

DEFENDANT DEMANDS A TRIAL BY JURY.

ACCORDINGLY, Defendant respectfully requests that this action be removed to the United States District Court for the Southern District of California and gives notice to Plaintiff and to the Superior Court of California, County of San Diego, that the State Court Action shall proceed no further pursuant to 28 U.S.C. § 1446(d).

Dated: March 24, 2023

DINSMORE & SHOHL LLP

By: _____
Caroline G. Massey
Attorney for Defendant
IDEAL IMPLANT INCORPORATED
(erroneously sued as IDEAL IMPLANT INC.)

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on March 24, 2023, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Joseph John Beltran
Dylan Beltran
P.O. Box 6637
Ventura, CA 93006
T: (805) 650-2077
F: (805) 765-6145
E: joebeltran.law@gmail.com
dylanbeltran@beltranlawfirm.com

I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.

_____
Caroline G. Massey